Neil B. Klein, CA Bar No. 142734
neilk@mckassonklein.com
Maria del Rocio Ashby, CA Bar No. 206282
mrashby@mckassonklein.com
**McKASSON & KLEIN LLP**
18401 Von Karman Ave., Suite 330
Irvine, CA 92612
T: (949) 724-0200  F: (949) 724-0201

Attorneys for Plaintiffs
Manchester International LLC and
Arturo Brook

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MANCHESTER INTERNATIONAL, LLC, A California limited liability company; and ARTURO BROOK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EMMANUEL A. ORTIZ; INTERNACIONAL DE SACOS Y ARPILLAS, SA DE CV; SACOS DE POLIPROPILENO ESPECIALIZADOS, SA DE CV; TRENZADOS MARINOS, SA DE CV; ARPILLAS DE EXPORTACION, SA DE CV; NEO PELICULAS, SA DE CV; DELIBAN EMPRESIARAL, SA DE CV; INDUSTRIA DE DISEÑO EN POLIMEROS, SA DE CV; NEO EMPAQUES INTERNACIONAL, SA DE CV; ARRENDADORA EMM, SA DE CV; FOODCORP MEXICO, SA DE CV; PRODUCTORA SUREÑA MAYA, SPR DE RL; CEDARS TRANSFER, SA DE CV; LAFROYE, SPR DE RL; AGROCINTALAPA, SPR DE RL; ARVUN, SPR DE RL; AGROPECUARIA BALCHE, SPR DE RL; PRODUCTOS MOCTEZUMA RURAL, SPR DE RL; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT OF MANCHESTER INTERNATIONAL LLC AND ARTURO BROOK FOR:**<br><br>1. **DECLARATORY JUDGMENT;**<br>2. **BREACH OF CONTRACT; AND**<br>3. **INTERPLEADER** |

1

COMPLAINT

Plaintiffs MANCHESTER INTERNATIONAL, LLC ("Manchester") and ARTURO BROOK ("Arturo Brook") (collectively, "Plaintiffs"), by and through their attorneys, hereby allege as follows:

**INTRODUCTION**

1. Manchester is a limited liability company with its principal place of business located at 21772 Salado, Mission Viejo, CA 92691.

2. Plaintiff Arturo Brook is an individual who resides in Orange County, California.

3. Defendant/defendant-in-interpleader EMMANUEL A. ORTIZ ("Mr. Ortiz"), a.k.a. Emmanuel Abraham Ortiz Calderon, on information and belief, is a citizen of Mexico residing in Mexico.

**Grupo Ortiz Defendants**

4. Defendant/defendant-in-interpleader INTERNACIONAL DE SACOS Y ARPILLAS, SA DE CV ("ISA") is a company organized under the laws of Mexico.

5. Defendant/defendant-in-interpleader SACOS DE POLIPROPILENO ESPECIALIZADOS, SA DE CV ("SPE") is a company organized under the laws of Mexico.

6. Defendant/defendant-in-interpleader TRENZADOS MARINOS, SA DE CV ("Trenzados Marinos") is a company organized under the laws of Mexico.

7. Defendant/defendant-in-interpleader ARPILLAS DE EXPORTACION, SA DE CV ("Arpillas de Exportacion") is a company organized under the laws of Mexico.

8. Defendant/defendant-in-interpleader NEO PELICULAS, SA DE CV ("Neo Peliculas") is a company organized under the law of Mexico.

9. Defendant/defendant-in-interpleader DELIBAN EMPRESIARAL, SA DE CV ("Deliban) is a company organized under the laws of Mexico.

10. Defendant/defendant-in-interpleader INDUSTRIA DE DISEÑO EN POLIMEROS, SA DE CV ("IDP") is a company organized under the laws of Mexico.

11. Defendant/defendant-in-interpleader NEO EMPAQUES INTERNACIONAL, SA DE CV ("Neo Empaques") is a company organized under the laws of Mexico.

12. On information and belief, Mr. Ortiz is the principal of ISA, SPE, Trenzados Marinos, Arpillas de Exportacion, Neo Peliculas, Deliban, IDP and Neo Empaques, a group of companies known as Grupo Ortiz (collectively, "Grupo Ortiz Defendants" and/or "Grupo Ortiz entities").

**Advance Payment Defendants/Entities ("APEs")**

13. Defendant-in-interpleader ARRENDADORA EMM, SA DE CV ("EMM") is a company organized under the laws of Mexico.

14. Defendant-in-interpleader FOODCORP MEXICO, SA DE CV ("Foodcorp") is a company organized under the laws of Mexico.

15. Defendant-in-interpleader PRODUCTORA SUREÑA MAYA, SPR DE RL ("PSM") is a company organized under the laws of Mexico.

16. Defendant-in-interpleader CEDARS TRANSFER, SA DE CV ("Cedars") is a company organized under the laws of Mexico.

17. Defendant-in-interpleader LAFROYE, SPR DE RL ("Lafroye") is a company organized under the laws of Mexico.

18. Defendant-in-interpleader AGROCINTALAPA, SPR DE RL ("Agrocintalapa") is a company organized under the laws of Mexico.

19. Defendant-in-interpleader ARVUN, SPR DE RL ("Arvun") is a company organized under the laws of Mexico.

20. Defendant-in-interpleader AGROPECUARIA BALCHE, SPR DE RL ("Balche") is a company organized under the laws of Mexico.

21. Defendant-in-interpleader PRODUCTOS MOCTEZUMA RURAL, SPR DE RL ("PMR") is a company organized under the laws of Mexico.

22. Plaintiffs are informed and believe, and hereon allege that Defendants DOES 1 to 50 were and are individuals residing in and/or business entities doing business in the Mexico, and are thus subject to the diversity jurisdiction of this court. The true names and capacities of DOES 1 to 50, and each of them, are unknown to Plaintiffs, who sue said defendants by such fictitious names. Plaintiffs are informed and believe,

and hereon allege, that each DOE defendant is legally responsible in some manner for the events herein mentioned. Plaintiffs will request leave of court to amend this Complaint to reflect the true name and capacity of each said DOE when ascertained.

## JURISDICTION & VENUE

23. This Court has jurisdiction over the subject matter of this action pursuant to Fed. R. Civ. Proc. 22 and 28 U.S.C. §1332. There is complete diversity between all of the Plaintiffs on the one hand, and all the Defendants on the other, and more than $75,000 is in controversy.

24. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331. The Court has authority to grant declaratory relief under 28 U.S.C. §§2201 and 2202.

25. Venue is proper in this District under 28 U.S.C. §1391 in that the services supporting Plaintiffs' right to earned fixed and commission fees, and which led to Plaintiffs having possession of the stake occurred in this judicial district, and the stake that is the subject of the interpleader claim is situated in this judicial district.

26. The United States District Court for the Central District of California has or will have personal jurisdiction over all defendants because each has sufficient minimum contacts with this district.

## GENERAL ALLEGATIONS

**Initial Term**

27. On or about October 10th 2012, Plaintiffs and Mr. Ortiz executed a letter of intent pursuant to which Manchester (Brook, acting via Manchester) was engaged as agent for Mr. Ortiz, as undisclosed principal, to purchase materials and products in the US market and, by separate transaction, sell them to Grupo Ortiz Defendants and third parties in Mexico, for and at the direction of Mr. Ortiz, in exchange for agreed compensation (hereafter "Commission Agreement"). A true and correct copy of the Commission Agreement is attached hereto as **Exhibit A**.

28. The parties proceeded with their relationship under the Commission Agreement, which contained the material terms of their agreement. Specifically, the Commission

4

Agreement specified an effective date and term, services to be provided by Plaintiffs, and compensation to be paid by Mr. Ortiz, as follows:

   a. Effective Nov 1st 2012 for a term of 24-months, which could be extended if both parties desired it to continue.

   b. Plaintiffs to provide trading services to facilitate Mr. Ortiz's operations, including management of purchases and sales, coordination and management of import/export operations, coordination with providers and buyers, provision of logistics support and other related activities.

   c. In exchange for Plaintiffs' services, Mr. Ortiz to pay commission fees to Plaintiffs as follows:

   • 0.80% on the value of commercial activity performed on behalf of Ortiz, up to the first $25,000 of monthly fees

   • 0.50% on the value of the commercial activity performed on behalf of Ortiz, after the first 25,000 of monthly fees

   • guaranteed minimum of $25,000 monthly fees regardless of the value of transactions performed on any particular month

29. The Commission Agreement specified that the minimum fee for the first 6-months would be paid monthly in advance, but thereafter fees and commissions would be collected from cash flows of the operation without a payment request.

30. Plaintiffs and Mr. Ortiz performed under the Commission Agreement from about November 2012 until approximately August 2013 (hereafter, the "Initial Period").

31. During the Initial Period, the Plaintiffs and Mr. Ortiz's course of conduct under the Commission Agreement proceeded as follows: Manchester, in its capacity as agent for undisclosed principal Mr. Ortiz, entered into purchase contracts with US suppliers for polypropylene pellets products and, separately, into sales contracts with Grupo Ortiz entities at a specific markup on each transaction as directed by Mr. Ortiz. Manchester was to pay the markup profits to Puyol C.V., a Dutch partnership (referenced in the Commission Agreement), established by Mr. Ortiz and his brother.

During the Initial Period, Mr. Ortiz directed Manchester to transfer some profits earned under the Commission Agreement to Puyol C.V.

32. In about August 2013, Mr. Ortiz notified Manchester that he was terminating the agency relationship to work with a different agent.

**Renewal Term**

33. On or about December 2013, Mr. Ortiz contacted Mr. Brook through a third party (Christian Rauda, allegedly the then-CFO for the Grupo Ortiz Defendants) and notified him that "it had not worked out" with the other agent and that Mr. Ortiz wished to resume the parties' agency relationship "as before." Mr. Brook agreed, on behalf of Manchester, to resume the agency relationship under the same terms as before, on condition that the fixed fee increased to $30,000 pm (from $25,000 pm during the Initial Period).

34. Mr. Ortiz agreed, and the parties resumed the agency relationship under the Commission Agreement (with the $30,000 pm fixed fee modification). Specifically, the compensation structure after January 2014 was as follows:

- 0.80% on the value of commercial activity performed on behalf of Ortiz, up to the first $30,000 of monthly fees
- 0.50% on the value of the commercial activity performed on behalf of Ortiz, after the first 30,000 of monthly fees
- guaranteed minimum of $30,000 monthly fees regardless of the value of transactions performed on any particular month

35. From January 2014 to February 2020, Plaintiffs and Mr. Ortiz operated without incident under the Commission Agreement, as modified to increase the fixed monthly fee (hereafter the "Renewal Term").

36. Plaintiffs and Mr. Ortiz's course of conduct during the Renewal Term was identical to their course of conduct during the Initial Term. Manchester, directed by and acting on behalf of its undisclosed principal Mr. Ortiz, entered into purchase contracts with US suppliers for polypropylene pellets products and, separately, entered into sales contracts with specific Grupo Ortiz entities at a specific markup on each transaction as

6

directed by Mr. Ortiz. During the Renewal Term, no markup profits were sent to Puyol C.V.; instead, early in the Renewal Period, Mr. Ortiz directed Manchester to remit transfers from time to time to another entity believed to be controlled by Mr. Ortiz. After those initial transfers, Mr. Ortiz directed Manchester to use the balance in the account, if any, as a revolving fund for purchases under the Commission Agreement; Mr. Ortiz did not direct further transfers to Puyol C.V. or to any other entity or person.

37. In February 2020, Plaintiffs and Mr. Ortiz mutually agreed to terminate the Commission Agreement. For the past 12-months, Plaintiff and Mr. Ortiz worked on agreements to formally terminate their agency relationship and to transfer funds Manchester is holding under the Commission Agreement; however, they were unable to agree on the final terms of the agreements.

## FIRST CAUSE OF ACTION

### (Declaratory Relief – Against Defendant Ortiz)

38. Plaintiffs repeat and re-allege each and every allegation in paragraph 1 through 37 as if set forth herein.

39. Plaintiffs and Mr. Ortiz agree that Manchester discharged the obligations required of it during the Initial Term and Renewal Term, and that compensation was to be deducted from funds held in Manchester's account for Mr. Ortiz in Orange County, California. However, an actual and justiciable controversy exists between Plaintiffs and Mr. Ortiz regarding:

    a. The compensation terms governing the Renewal Term;

    b. Calculation of compensation owed to Plaintiff as of February 2020 for agency services rendered to Ortiz during the Initial Term and Renewal Term, which Plaintiffs claim is **$2,225,562.80**, and Mr. Ortiz claims is $0 (Mr. Ortiz has taken conflicting positions re compensation amount owed as of February 2020).

**Compensation Terms Governing Renewal Term**

40. Mr. Ortiz recently informed Plaintiffs, for the first time, that there is no unpaid compensation due to Manchester for the Renewal Period because, in January 2014,

Manchester agreed to resume the agency relationship in exchange for compensation of $30,000 pm as a fixed fee, *with no commission*. Specifically, Mr. Ortiz alleges that the Renewal Term was governed by a "new agreement" pursuant to which Manchester's sole compensation would be $30,000 pm as a fixed fee only. Manchester denies any such agreement.

41. Manchester alleges the Commissions Agreement, including its compensation terms, governed the parties' agency relationship during the Renewal Term, with the only change made being an increase of the fixed fee to $30,000 pm, as set out in paragraph 34 above. During the Renewal Term, Manchester resumed the commercial activity for Mr. Ortiz specified in the Commission Agreement, and the parties resumed the course of conduct as before during the Initial Term.

**Calculation of Commissions Owed as of February 2020**

42. Plaintiffs contend that compensation of $2,225,562.80 (commissions + fixed monthly fee) remained unpaid on February 2020 for commercial activity performed on behalf of Ortiz during the Initial and Renewal Terms, pursuant to the compensation structure set out in paragraphs 28 and 34 above, respectively ($277,830.83 for Initial Term and $1,947,731.97 for Renewal Term). A true and correct summary of Plaintiffs' commission fee calculations for the Initial Period and Renewal Period, respectively, totalling $2,225,562.80 is attached hereto as **Exhibit B**.

43. Mr. Ortiz contends that as of February 2020, no compensation remained unpaid to Manchester for the Initial Term or the Renewal Term.

**Actual Controversy**

44. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202, this Court may declare the rights or legal relations of any party in any case involving an actual controversy. There is an actual controversy between Plaintiffs and Mr. Ortiz.

45. Manchester has collected $2,225,562.80 from cash flow of the commercial operations, as permitted by the Commission Agreement, in payment of compensation it earned but remained unpaid on February 2020. Mr. Ortiz claims no compensation

8

1    remains unpaid and threatens to sue for conversion and breach of contract.

2    46. Plaintiffs desire to complete the unwinding of the agency relationship with Mr.

3    Ortiz, and to retain the commissions earned of $2,225,562.80, without of fear of legal

4    challenge by, or liability to, Ortiz or any other person. Plaintiffs therefore request a

5    judicial declaration that:

6        a.  The express terms of the Commission Agreement governed the Initial Term

7            and the Renewal Terms (with the latter Renewal Term modified only to

8            increase the fixed fee to $30,000 pm); and

9        b.  Consistent and pursuant to the express terms of the Commission Agreement

10            (and secondarily, if necessary, pursuant to the parties' course of conduct,

11            and custom in the trade), Plaintiffs are entitled to commission fees for the

12            Initial Term and Renewal Terms in the combined amount of $2,225,562.80,

13            and may lawfully retain that sum.

14    47. A judicial determination is necessary to ascertain the rights of Plaintiffs and Mr.

15    Ortiz in connection with the calculation and payment of Plaintiffs' earned commission

16    fees, so they can terminate their relationship under the Commission Agreement.

17                            **SECOND CAUSE OF ACTION**

18            **(Breach of Contract – Against Grupo Ortiz Defendants)**

19    48. Plaintiffs repeat and re-allege each and every allegation in paragraph 1 through

20    47 as if set forth herein.

21    49. Between 2018 and 2020, for valuable consideration and acting as agent for

22    undisclosed principal Mr. Ortiz, Manchester entered into numerous purchase and sales

23    contracts with each Grupo Ortiz Defendant (ISA, SPE, Trenzados Marinos, Arpillas de

24    Exportacion, Neo Peliculas, Deliban, IDP and Neo Empaques, respectively), for the

25    purchase by each Grupo Oriz Defendant, and sale to each said defendant by

26    Manchester, of polypropylene products (the "sales contracts"). Attached hereto as

27    **Exhibit C** is a true and correct summary identifying the purchase orders and invoices

28    for the sales contracts between Manchester and each Grupo Ortiz Defendant.

50. For each sale contract, a Grupo Ortiz Defendant sent one or more purchase orders (offers to purchase) to Manchester in California, identifying specific product, price, quantity and delivery terms. Manchester accepted each purchase order, purchased and procured the product from a US supplier and then arranged its delivery to the Grupo Ortiz Defendant in Mexico. Manchester then issued an invoice to the Grupo Ortiz Defendant for the delivered product.

51. Manchester fully performed all obligations required of it under the sales contracts, and each Grupo Ortiz Defendant accepted delivery of the product without objection (as they had for numerous prior contracts with Manchester).

52. The Grupo Ortiz Defendants breached their respective contract(s) with Manchester by failing to pay for the product, totaling $10,171,032.

53. In addition to the sales contracts, between July and September 2019, Manchester made three payments totaling $1,447,837 to SML Machinengesellschaft MBH as down payment for machinery purchased by SPE (one of the Grupo Ortiz Defendants), which SPE was to repay. To date, SPE has not repaid the $1,447,837 it owes to Manchester, in breach of its obligation to repay.

54. As a direct and proximate result of the Grupo Ortiz Defendants' breach of their respective contract(s) with Manchester, Manchester has suffered damages in the combined amount of $11,618,869 for unpaid product, plus interest thereon (which amount will be added to the funds interpleaded pursuant to the Third Cause of Action, so that the full $17.8m APE Funds can be disbursed to the APE Defendants or their appropriate owner).

## THIRD CAUSE OF ACTION

### (Interpleader – As to All Defendants)

55. Plaintiffs repeat and re-allege each and every allegation in paragraph 1 through 54 as if set forth herein.

**APE Funds & Ortiz Representations**

56. During the Renewal Period, each of the APE Defendants made deposits into

1   Manchester's bank account in California on the dates and in the amounts set out in

2   **Exhibit D**, totaling approximately $17.8m (collectively, the "APE Funds").

3       57. At the time the APE Funds were deposited into Manchester's account, Plaintiffs

4   believed the APE Defendants were affiliated with Mr. Ortiz and/or the Grupo Ortiz

5   Defendants (of which Mr. Ortiz is a principal), and that Mr. Ortiz had authority to transfer,

6   deposit, hold and dispose of said funds. Mr. Ortiz represented to Manchester that he

7   had authority over the APE Funds and directed Manchester to (a) accept purchase

8   orders worth $11.6m from Grupo Ortiz Defendants (the sales contracts referenced in

9   paragraph 49, above), (b) purchase $11.6m worth of product from US suppliers to fill

10  the orders; (c) arrange delivery of the product directly to Grupo Ortiz Defendants, and

11  (d) use $11.6M of the APE Funds to pay the US suppliers for the Grupo Ortiz orders.

12      58. Mr. Ortiz further represented that the Grupo Ortiz Defendants would perform on

13  their sales contracts with Manchester by paying Manchester the $11.6m for product

14  sold and delivered on their purchase orders (thus, Manchester would again hold

15  $17.8m of APE Funds). Mr. Ortiz knew or should have known that his representations

16  were false, and that the Grupo Ortiz Defendants would not pay for the products

17  delivered to them by Manchester. To date, the Grupo Ortiz Defendants have not paid

18  the $11.6m owed to Manchester and are in breach of their respective contracts with

19  Manchester, as noted in paragraphs 48 to 54 above.

20  **Interpleader Funds**

21      59. If the Grupo Ortiz Defendants had paid the $11.6m owed to Manchester, as

22  agreed, or if Mr. Ortiz had never directed Manchester to use APE Funds to buy the

23  products sold to Grupo Ortiz Defendants under the sales contracts, Manchester would

24  have $3.9m markup profits that would have been due to Mr. Ortiz + $17.8m of APE

25  Funds, for a total of $21.7m. Instead, Manchester only has **$10.1m** in its account (the

26  "Interpleader Funds"). Therefore, Manchester does not currently hold the full $17.8m

27  APE Funds, and is short by the $11.6m owed to it by the Grupo Ortiz entities.

28  //

**Issue in Controversy**

60. There is now an issue in controversy over who is entitled to ownership or possession of the Interpleader Funds or the APE Funds. On or about February 2020, after Plaintiffs and Mr. Ortiz decided to terminate the agency relationship, Plaintiffs learned for the first time from Mr. Ortiz that the APE Defendants have no affiliation to Mr. Ortiz or the Grupo Ortiz Defendants, and that the APE Defendants are third-parties who deposited the APE Funds into Manchester's account as advance payments for future orders.

61. Manchester cannot ascertain who owns the Interpleader Funds. Mr. Ortiz has not disclosed clearly who the APE entities are or why they deposited APE Funds into Manchester's account (since the APE Funds were deposited into Manchester's account, Manchester has not been instructed to purchase any product for any APE). Further, Manchester does not know whether any portion of the Interpleader Funds that constitute APE Funds are owned by and being held on Mr. Ortiz's behalf, on behalf of Grupo Ortiz Defendants, or a combination of both (and in what respective amounts). Further, relying on Mr. Ortiz's representations that APE Funds were to be held by Manchester towards future orders, Manchester does not know how to apportion the Interpleader Funds for return to specific APE Defendants.

**Interpleader is Proper re Interpleader Funds**

62. Manchester is a disinterested stakeholder as to the Interpleader Funds.

63. Manchester does not know who, as between Ortiz, the Grupo Ortiz Defendants and APE Defendants, is entitled to the Interpleader Funds.

64. Manchester has a real and reasonable fear of liability, or vexatious, conflicting claims directed against the Interpleader Funds, and is not in a position to accurately ascertain which party's claim to the Interpleader Funds is proper without danger of multiple liability.

65. Pursuant to the provisions of Federal Rules of Civil Procedure Rule 22, Manchester is entitled to join all persons with claims against the Interpleader Funds in

12

a single proceeding so that Manchester can avoid duplicative litigation and the possibility of multiple or inconsistent liability on the conflicting claims of defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment as follows:

As to the First Cause of Action

(a) For a declaration that, the express terms of the Commission Agreement governed the Initial Term and Renewal Terms (with the latter modified to increase the fixed fee to $30,000 pm);

(b) For a declaration that, consistent with the terms governing Plaintiffs and Mr. Ortiz's relationship, as of February 2020 Plaintiffs were entitled to unpaid compensation for the Initial Term and Renewal Terms in the combined amount of $2,225,562.80, and may lawfully retain that sum;

As to the Second Cause of Action

(c)  An award of damages in the amount of $11,618,869, plus interest thereon;

(d) That all sums recovered under the Second Cause of Action be added to the Interpleader Funds;

As to the Third Cause of Action

(e) That Manchester be allowed to continue to freeze the Interpleader Funds until otherwise directed by the Court;

(f)  That Defendants be required to interplead and assert in this proceeding and settle between themselves any and all claims which each or any of them have to the Interpleaded Funds, and that Manchester be discharged from all liability relating to such funds except to the party or parties to whom the Court shall judge entitled to the Interpleader Funds, and then only to the extent of the Interpleader Funds frozen by Manchester;

(g) That Defendants, and each of them, be permanently restrained from commencing any action for the recovery of the Interpleaded Funds or any party thereof, or any claimed damages related thereto, as against Manchester;

COMPLAINT

(h) That Defendants, and each of them, be permanently restrained from instituting or prosecuting any proceeding in any state or United States court affecting the Interpleader Funds until further order of this Court;

(i) Manchester be dismissed from this lawsuit and discharged from any and all liability regarding the Interpleaded Funds;

(j) Manchester recover out of the Interpleader Funds its costs and attorney fees incurred in this action and all actions connected to the Interpleader Funds;

As to all Causes of Action

(k) An award of Plaintiffs costs;

(l)  An award of attorney's fees as permitted by applicable law; and

(m)For such other relief as the Court deems just and equitable.

Date:  April 2, 2021

_____

Neil B. Klein
Maria del Rocio Ashby
Attorneys for Plaintiffs Manchester
International, LLC and Arturo Brook

14

COMPLAINT

# EXHIBIT A

Letter of Intent

Arturo G. Brook and Emmanuel A. Ortiz desire to enter into a commercial relationship. This letter outlines the terms of the relationship and signals their intent to enter into the appropriate agreements to formalize their understanding.

Arturo G. Brook signs this letter on his own behalf and on behalf of Manchester International LLC, A California limited liability company. Emmanuel A. Ortiz signs this letter on his own behalf and on behalf of the companies of the Grupo Ortiz, a group of Mexican companies, and Puyol CV, a Dutch partnership. Each party shall cause the appropriate entities to execute and enter into the corresponding agreements to formalize the commercial relationship.

Arturo G. Brook and his company shall provide trading services for materials and products to be acquired and sold by Emmanuel A. Ortiz and his group of companies. The services shall include trading; import/export coordination; management of buy/sell and import/export operations; coordination with providers and buyers; logistics support; and other activities that may arise from time to time being essential to the provision of the services and fulfillment of the obligations therein. The nature of the relationship shall be that of an agency with undisclosed principal. Arturo G. Brook shall not bear credit risk or product risk of any kind.

The agreement shall become effective on November 1, 2012, and shall remain in effect for 24 months. The term may be extended if both parties so desire. Emmanuel A. Ortiz shall compensate Arturo G. Brook for the provision of the services as follows:

A commission of 0.80% on the value of the commercial activity performed on behalf of Emmanuel A. Ortiz, up to the first $25,000 of monthly fees.

A commission of 0.50% on the value of the commercial activity performed on behalf of Emmanuel A. Ortiz, after the first $25,000 of monthly fees.

A guaranteed minimum of $25,000 monthly fees regardless of the volume of transactions performed on any particular month.

During the first 6 months of the agreement, the $25,000 minimum fee shall be paid in advance, on the first day of the month. Thereafter, the fee shall be collected from cash flows of the commercial operation, and in case of insufficient commercial activity, the balance shall be paid at the end of each month.

Both parties endeavor to act in good faith and to enter into the agreements necessary to formalize the commercial relationship described herein.

_____                          _____
Arturo G. Brook                                  Emmanuel A. Ortiz
Date: 10/6/12                                    Date:

**EXHIBIT A**
**15**

# EXHIBIT B

**MANCHESTER INTERNATIONAL LLC**
**Agency Activity Performed for EO**
**Initial Term**
**Nov 12 - Dec 13**

| MONTH | ACTIVITY | MINIMUM MONTHLY FEE | VARIABLE COMMISSION | TOTAL DUE | WITHDRAWN | BALANCE DUE |
|-------|----------|---------------------|---------------------|-----------|-----------|-------------|
| Nov-12 | 0.00 | 25,000.00 | 0.00 | 25,000.00 | 0.00 | 25,000.00 |
| Dec-12 | 777,412.25 | 25,000.00 | 0.00 | 25,000.00 | 47,500.00 | 2,500.00 |
| Jan-13 | 5,513,270.16 | 25,000.00 | 11,941.35 | 36,941.35 | 26,321.65 | 13,119.70 |
| Feb-13 | 8,813,455.29 | 25,000.00 | 28,442.28 | 53,442.28 | 51,640.36 | 14,921.62 |
| Mar-13 | 13,216,287.07 | 25,000.00 | 50,456.44 | 75,456.44 | 0.00 | 90,378.05 |
| Apr-13 | 13,585,478.58 | 25,000.00 | 52,302.39 | 77,302.39 | 25,000.00 | 142,680.45 |
| May-13 | 10,540,971.60 | 25,000.00 | 37,079.86 | 62,079.86 | 34,208.79 | 170,551.51 |
| Jun-13 | 8,186,920.66 | 25,000.00 | 25,309.60 | 50,309.60 | 7,569.14 | 213,291.98 |
| Jul-13 | 3,321,355.19 | 25,000.00 | 981.78 | 25,981.78 | 55,447.44 | 183,826.31 |
| Aug-13 | 12,913,290.20 | 25,000.00 | 48,941.45 | 73,941.45 | 75,000.00 | 182,767.76 |
| Sep-13 | 0.00 | 25,000.00 | 0.00 | 25,000.00 | 0.00 | 207,767.76 |
| Oct-13 | 0.00 | 25,000.00 | 0.00 | 25,000.00 | 0.00 | 232,767.76 |
| Nov-13 | 0.00 | 25,000.00 | 0.00 | 25,000.00 | 0.00 | 257,767.76 |
| Dec-13 | 27,220.00 | 25,000.00 | 0.00 | 25,000.00 | 4,936.93 | 277,830.83 |
| **TOTAL** | **76,895,661.00** | **350,000.00** | **255,455.14** | **605,455.14** | **327,624.31** | **277,830.83** |

**EXHIBIT B**
**16**

**MANCHESTER INTERNATIONAL LLC**
**Agency Activity Performed for EO**
**Renewal Term**
**Jan 2014 - Feb 2020**

| YEAR | ACTIVITY | MINIMUM MONTHLY FEE | VARIABLE COMMISSION | TOTAL DUE | WITHDRAWN | YEARLY BALANCE | ACCUMULATED BALANCE DUE |
|------|----------|---------------------|---------------------|-----------|-----------|----------------|-------------------------|
| 2014 | 140,375,958.68 | 360,000.00 | 479,072.98 | 839,072.98 | 111,919.98 | 727,153.00 | 727,153.00 |
| 2015 | 104,471,756.63 | 360,000.00 | 297,358.78 | 657,358.78 | 351,433.98 | 305,924.80 | 1,033,077.80 |
| 2016 | 89,550,818.13 | 360,000.00 | 222,754.09 | 582,754.09 | 257,383.73 | 325,370.36 | 1,358,448.16 |
| 2017 | 85,986,545.50 | 360,000.00 | 204,932.73 | 564,932.73 | 366,243.81 | 198,688.92 | 1,557,137.08 |
| 2018 | 83,706,208.86 | 360,000.00 | 193,422.44 | 553,422.44 | 385,000.00 | 168,422.44 | 1,725,559.52 |
| 2019 | 42,706,716.92 | 360,000.00 | 65,489.35 | 425,489.35 | 361,500.00 | 63,989.35 | 1,789,548.87 |
| 2020 | 21,083,482.69 | 60,000.00 | 70,142.78 | 130,142.78 | 1,500.00 | 128,642.78 | 1,918,191.65 |
| **TOTAL** | **567,881,487.41** | **2,220,000.00** | **1,533,173.15** | **3,753,173.15** | **1,834,981.50** | **1,918,191.65** | |

Amazon Expenses:                                                **29,540.32**

TOTAL DUE:                                                **1,947,731.97**

**EXHIBIT B**
**17**

# EXHIBIT C

Manchester International LLC
Accounts Receivable

### INTERNACIONAL DE SACOS Y ARPILLAS SA DE CV

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 337-1219 | December 10, 2019 | 2672 | December 19, 2019 | $85,497.00 | $0.00 | $27,457.00 | $58,040.00 | |
| 337-1219 | December 10, 2019 | 2680 | December 26, 2019 | $83,583.50 | $0.00 | $0.00 | $83,583.50 | |
| 341Z-1219 | December 20, 2019 | 2699 | January 1, 2020 | $82,581.50 | $0.00 | $0.00 | $82,581.50 | |
| 341Z-1219 | December 20, 2019 | 2700 | January 1, 2020 | $83,162.00 | $0.00 | $0.00 | $83,162.00 | |
| 341Z-1219 | December 20, 2019 | 2701 | January 1, 2020 | $83,549.00 | $0.00 | $0.00 | $83,549.00 | |
| 341Z-1219 | December 20, 2019 | 2702 | January 1, 2020 | $83,441.50 | $0.00 | $0.00 | $83,441.50 | |
| | | | | | | | | $474,357.50 |

### SACOS DE POLIPROPILENO ESPECIALIZADOS SA DE CV (MATERIALES)

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 320-1019 | October 10, 2019 | 2620 | October 16, 2019 | $139,764.48 | $0.00 | $61,137.32 | $78,627.16 | |
| 320-1019 | October 10, 2019 | 2631 | November 1, 2019 | $105,497.00 | $0.00 | $0.00 | $105,497.00 | |
| 337-1219 | December 10, 2019 | 2655 | December 16, 2019 | $85,002.50 | $0.00 | $0.00 | $85,002.50 | |
| 341Z-1219 | December 20, 2019 | 2691 | December 30, 2019 | $82,044.00 | $0.00 | $0.00 | $82,044.00 | |
| 341Z-1219 | December 20, 2019 | 2692 | December 30, 2019 | $84,194.00 | $0.00 | $0.00 | $84,194.00 | |
| 341Z-1219 | December 20, 2019 | 2697 | December 30, 2019 | $83,248.00 | $0.00 | $0.00 | $83,248.00 | |
| 341Z-1219 | December 20, 2019 | 2703 | January 1, 2020 | $83,398.50 | $0.00 | $0.00 | $83,398.50 | |
| 347-0120 | January 14, 2020 | 2709 | January 27, 2020 | $83,824.00 | $0.00 | $0.00 | $83,824.00 | |
| | | | | | | | | $685,835.16 |

### SACOS DE POLIPROPILENO ESPECIALIZADOS SA DE CV (SUCURSAL)

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 341Z-1219 | December 20, 2019 | 2690 | December 30, 2019 | $83,764.00 | $0.00 | $0.00 | $83,764.00 | |
| 341Z-1219 | December 20, 2019 | 2696 | December 30, 2019 | $85,184.00 | $0.00 | $0.00 | $85,184.00 | |
| 341Z-1219 | December 20, 2019 | 2704 | January 1, 2020 | $84,065.00 | $0.00 | $0.00 | $84,065.00 | |
| | | | | | | | | $253,013.00 |

### TRENZADOS MARINOS SA DE CV

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 337-1219 | December 10, 2019 | 2657 | December 16, 2019 | $80,211.00 | $0.00 | $30,000.00 | $50,211.00 | |
| 337-1219 | December 10, 2019 | 2658 | December 16, 2019 | $80,969.50 | $0.00 | $0.00 | $80,969.50 | |
| 347-0120 | January 14, 2020 | 2719 | January 28, 2020 | $63,640.00 | $0.00 | $0.00 | $63,640.00 | |
| | | | | | | | | $194,820.50 |

### TRENZADOS MARINOS SA DE CV (SUCURSAL)

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 337-1219 | December 10, 2019 | 2651 | December 13, 2019 | $80,662.00 | $0.00 | $50,000.00 | $30,662.00 | |
| 337-1219 | December 10, 2019 | 2659 | December 16, 2019 | $79,698.50 | $0.00 | $0.00 | $79,698.50 | |
| 347-0120 | January 14, 2020 | 2712 | January 27, 2020 | $82,917.00 | $0.00 | $0.00 | $82,917.00 | |
| | | | | | | | | $193,277.50 |

### ARPILLAS DE EXPORTACION SA DE CV

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 304-0819 | August 13, 2019 | 2605 | August 29, 2019 | $110,184.25 | $0.00 | $40,025.25 | $70,159.00 | |
| 304-0819 | August 13, 2019 | 2606 | August 29, 2019 | $110,107.00 | $0.00 | $0.00 | $110,107.00 | |
| 311-0919 | September 13, 2019 | 2609 | September 19, 2019 | $72,937.50 | $0.00 | $0.00 | $72,937.50 | |
| 313-0919 | September 18, 2019 | 2610 | September 22, 2019 | $75,806.50 | $0.00 | $0.00 | $75,806.50 | |
| 313-0919 | September 18, 2019 | 2611 | September 22, 2019 | $75,825.75 | $0.00 | $0.00 | $75,825.75 | |
| 320-1019 | October 10, 2019 | 2617 | October 16, 2019 | $142,702.08 | $0.00 | $0.00 | $142,702.08 | |
| 320-1019 | October 10, 2019 | 2618 | October 16, 2019 | $139,209.60 | $0.00 | $0.00 | $139,209.60 | |
| 320-1019 | October 10, 2019 | 2626 | October 28, 2019 | $102,287.50 | $0.00 | $0.00 | $102,287.50 | |
| 329-1119 | November 12, 2019 | 2637 | November 13, 2019 | $98,268.00 | $0.00 | $0.00 | $98,268.00 | |
| 329-1119 | November 12, 2019 | 2638 | November 13, 2019 | $99,625.00 | $0.00 | $0.00 | $99,625.00 | |
| 329-1119 | November 12, 2019 | 2639 | November 13, 2019 | $99,027.00 | $0.00 | $0.00 | $99,027.00 | |
| 329-1119 | November 12, 2019 | 2640 | November 13, 2019 | $99,119.00 | $0.00 | $0.00 | $99,119.00 | |
| 337-1219 | December 10, 2019 | 2650 | December 13, 2019 | $84,810.35 | $0.00 | $0.00 | $84,810.35 | |
| 337-1219 | December 10, 2019 | 2654 | December 16, 2019 | $82,700.65 | $0.00 | $0.00 | $82,700.65 | |
| 337-1219 | December 10, 2019 | 2660 | December 17, 2019 | $82,078.50 | $0.00 | $0.00 | $82,078.50 | |
| 337-1219 | December 10, 2019 | 2667 | December 18, 2019 | $81,863.50 | $0.00 | $0.00 | $81,863.50 | |
| 337-1219 | December 10, 2019 | 2670 | December 19, 2019 | $82,379.50 | $0.00 | $0.00 | $82,379.50 | |
| 337-1219 | December 10, 2019 | 2679 | December 26, 2019 | $85,733.50 | $0.00 | $0.00 | $85,733.50 | |
| 347-0120 | January 14, 2020 | 2708 | January 24, 2020 | $86,772.00 | $0.00 | $0.00 | $86,772.00 | |
| 347-0120 | January 14, 2020 | 2710 | January 27, 2020 | $87,212.00 | $0.00 | $0.00 | $87,212.00 | |
| 347-0120 | January 14, 2020 | 2711 | January 27, 2020 | $88,664.00 | $0.00 | $0.00 | $88,664.00 | |
| | | | | | | | | $1,947,287.93 |

**EXHIBIT C**
**18**

**NEO PELICULAS SA DE CV**

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 328-1119 | November 12, 2019 | 2632 | November 8, 2019 | $70,854.00 | $0.00 | $11,555.77 | $59,298.23 | |
| 328-1119 | November 12, 2019 | 2633 | November 11, 2019 | $73,824.00 | $0.00 | $0.00 | $73,824.00 | |
| 328-1119 | November 12, 2019 | 2634 | December 3, 2019 | $73,914.00 | $0.00 | $0.00 | $73,914.00 | |
| 328-1119 | November 12, 2019 | 2635 | November 22, 2019 | $70,710.00 | $0.00 | $0.00 | $70,710.00 | |
| 328-1119 | November 12, 2019 | 2636 | November 27, 2019 | $71,880.00 | $0.00 | $0.00 | $71,880.00 | |
| 334-1119 | November 15, 2019 | 2649 | November 28, 2019 | $71,252.00 | $0.00 | $0.00 | $71,252.00 | |
| 337A-1219 | December 10, 2019 | 2652 | December 13, 2019 | $72,206.25 | $0.00 | $0.00 | $72,206.25 | |
| 337A-1219 | December 10, 2019 | 2653 | December 13, 2019 | $72,093.75 | $0.00 | $0.00 | $72,093.75 | |
| 337-1219 | December 10, 2019 | 2663 | December 17, 2019 | $64,572.50 | $0.00 | $0.00 | $64,572.50 | |
| 337-1219 | December 10, 2019 | 2664 | December 17, 2019 | $64,003.75 | $0.00 | $0.00 | $64,003.75 | |
| 337-1219 | December 10, 2019 | 2665 | December 18, 2019 | $63,938.75 | $0.00 | $0.00 | $63,938.75 | |
| 337-1219 | December 10, 2019 | 2666 | December 18, 2019 | $63,857.50 | $0.00 | $0.00 | $63,857.50 | |
| 337-1219 | December 10, 2019 | 2669 | December 19, 2019 | $64,085.00 | $0.00 | $0.00 | $64,085.00 | |
| 321-1019 | October 10, 2019 | 2677 | December 21, 2019 | $62,562.50 | $0.00 | $0.00 | $62,562.50 | |
| 340-1219 | December 13, 2019 | 2681 | December 24, 2019 | $72,843.75 | $0.00 | $0.00 | $72,843.75 | |
| 340-1219 | December 13, 2019 | 2682 | December 26, 2019 | $72,843.75 | $0.00 | $0.00 | $72,843.75 | |
| 340-1219 | December 13, 2019 | 2683 | December 26, 2019 | $72,881.25 | $0.00 | $0.00 | $72,881.25 | |
| 340-1219 | December 13, 2019 | 2684 | December 26, 2019 | $72,862.50 | $0.00 | $0.00 | $72,862.50 | |
| 340-1219 | December 13, 2019 | 2685 | December 26, 2019 | $72,768.75 | $0.00 | $0.00 | $72,768.75 | |
| 340-1219 | December 13, 2019 | 2686 | December 26, 2019 | $74,118.75 | $0.00 | $0.00 | $74,118.75 | |
| 341-1219 | December 20, 2019 | 2687 | December 30, 2019 | $63,131.25 | $0.00 | $0.00 | $63,131.25 | |
| 341-1219 | December 20, 2019 | 2688 | December 30, 2019 | $62,302.50 | $0.00 | $0.00 | $62,302.50 | |
| 340-1219 | December 13, 2019 | 2698 | December 28, 2019 | $71,868.75 | $0.00 | $0.00 | $71,868.75 | |
| 343-0120 | January 11, 2020 | 2705 | January 16, 2020 | $73,500.00 | $0.00 | $0.00 | $73,500.00 | |
| 343-0120 | January 11, 2020 | 2706 | January 16, 2020 | $72,206.25 | $0.00 | $0.00 | $72,206.25 | |
| 343-0120 | January 11, 2020 | 2707 | January 23, 2020 | $73,293.75 | $0.00 | $0.00 | $73,293.75 | |
| 343-0120 | January 11, 2020 | 2713 | January 27, 2020 | $72,112.50 | $0.00 | $0.00 | $72,112.50 | |
| 347-0120 | January 14, 2020 | 2714 | January 28, 2020 | $63,818.75 | $0.00 | $0.00 | $63,818.75 | |
| 347-0120 | January 14, 2020 | 2715 | January 28, 2020 | $63,900.00 | $0.00 | $0.00 | $63,900.00 | |
| 347-0120 | January 14, 2020 | 2716 | January 28, 2020 | $63,802.50 | $0.00 | $0.00 | $63,802.50 | |
| 347-0120 | January 14, 2020 | 2717 | January 28, 2020 | $63,737.50 | $0.00 | $0.00 | $63,737.50 | |
| 347-0120 | January 14, 2020 | 2718 | January 28, 2020 | $63,786.25 | $0.00 | $0.00 | $63,786.25 | |
| 347-0120 | January 14, 2020 | 2721 | January 29, 2020 | $63,477.50 | $0.00 | $0.00 | $63,477.50 | |
| 347-0120 | January 14, 2020 | 2722 | January 29, 2020 | $63,445.00 | $0.00 | $0.00 | $63,445.00 | |
| 347-0120 | January 14, 2020 | 2723 | January 29, 2020 | $63,347.50 | $0.00 | $0.00 | $63,347.50 | |
| 347-0120 | January 14, 2020 | 2724 | January 29, 2020 | $63,250.00 | $0.00 | $0.00 | $63,250.00 | |
| 347-0120 | January 14, 2020 | 2725 | January 29, 2020 | $63,250.00 | $0.00 | $0.00 | $63,250.00 | |
| | | | | | | | | $2,510,746.98 |

**SACOS DE POLIPROPILENO ESPECIALIZADOS SA DE CV (LEON)**

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 341-1219 | December 20, 2019 | 2693 | December 30, 2019 | $85,204.50 | $0.00 | $0.00 | $85,204.50 | |
| 341-1219 | December 20, 2019 | 2694 | December 30, 2019 | $81,936.50 | $0.00 | $0.00 | $81,936.50 | |
| 341-1219 | December 20, 2019 | 2695 | December 30, 2019 | $81,420.50 | $0.00 | $0.00 | $81,420.50 | |
| 347-0120 | January 14, 2020 | 2720 | January 28, 2020 | $20,461.50 | $0.00 | $0.00 | $20,461.50 | |
| | | | | | | Subtotal: | $269,023.00 | |

Payment for Machinery on behalf of SACOS DE POLIPROPILENO ESPECIALIZADOS SA DE CV (LEON)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| * | | NA | July 9, 2019 | 703,375.00 | - | - | 703,375.00 | |
| * | | NA | September 18, 2019 | 26,349.16 | - | - | 26,349.16 | |
| * | | NA | September 19, 2019 | 718,113.31 | - | - | 718,113.31 | |
| | | * Paid Machinery to SML MASCHINENGESELLSCHAFT MBH per EO Instructions | | | | | $1,447,837.47 | |
| | | | | | | | | $1,716,860.47 |

**DELIBAN EMPRESARIAL SA DE CV**

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 122-0618 | June 14, 2018 | 2288 | June 21, 2018 | $128,438.64 | $0.00 | $66,928.17 | $61,510.47 | |
| 112-0618 | June 4, 2018 | 2289 | June 25, 2018 | $122,250.00 | $0.00 | $0.00 | $122,250.00 | |
| 112-0618 | June 4, 2018 | 2290 | June 25, 2018 | $118,125.00 | $0.00 | $0.00 | $118,125.00 | |
| 112-0618 | June 4, 2018 | 2291 | June 25, 2018 | $118,250.00 | $0.00 | $0.00 | $118,250.00 | |
| 135-0718 | July 11, 2018 | 2317 | July 23, 2018 | $117,249.00 | $0.00 | $0.00 | $117,249.00 | |
| 135-0718 | July 11, 2018 | 2318 | July 23, 2018 | $119,124.50 | $0.00 | $0.00 | $119,124.50 | |
| 145-0718 | July 17, 2018 | 2324 | July 25, 2018 | $124,206.00 | $0.00 | $0.00 | $124,206.00 | |
| | | | | | | | | $780,714.97 |

**EXHIBIT C**

19

**INDUSTRIA DE DISEÑO EN POLIMERO SA DE CV**

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 020-0118 | February 6, 2018 | 2129 | February 21, 2018 | $150,773.50 | $0.00 | $0.00 | $150,773.50 | |
| 068-0418 | April 5, 2018 | 2175 | April 12, 2018 | $130,938.50 | $0.00 | $0.00 | $117,897.00 | |
| 084-0518 | May 10, 2018 | 2220 | May 15, 2018 | $134,397.00 | $0.00 | $0.00 | $134,397.00 | |
| 112-0618 | June 4, 2018 | 2252 | June 13, 2018 | $151,125.00 | $0.00 | $0.00 | $151,125.00 | |
| 155-0818 | August 2, 2018 | 2331 | August 6, 2018 | $155,273.00 | $0.00 | $0.00 | $155,273.00 | |
| 165-0818 | August 8, 2018 | 2357 | August 24, 2018 | $156,987.00 | $0.00 | $0.00 | $156,987.00 | |
| 260-0419 | April 10, 2019 | 2505 | April 15, 2019 | $106,919.75 | $0.00 | $0.00 | $106,919.75 | |
| 260-0419 | April 10, 2019 | 2557 | April 30, 2019 | $106,037.00 | $0.00 | $0.00 | $106,037.00 | |
| 280-0619 | June 12, 2019 | 2572 | June 28, 2019 | $105,380.00 | $0.00 | $0.00 | $105,380.00 | |
| 299-0719 | July 10, 2019 | 2582 | July 15, 2019 | $109,532.50 | $0.00 | $0.00 | $109,532.50 | |
| 299-0719 | July 10, 2019 | 2583 | July 15, 2019 | $109,285.00 | $0.00 | $0.00 | $109,285.00 | |
| 304-0819 | August 13, 2019 | 2601 | September 3, 2019 | $109,154.25 | $0.00 | $0.00 | $109,154.25 | |
| 304-0819 | August 13, 2019 | 2602 | September 4, 2019 | $110,750.75 | $0.00 | $0.00 | $110,750.75 | |
| 320-1019 | October 10, 2019 | 2621 | October 16, 2019 | $139,079.04 | $0.00 | $0.00 | $139,079.04 | |
| 320-1019 | October 10, 2019 | 2622 | October 16, 2019 | $139,992.96 | $0.00 | $34,566.00 | $105,426.96 | |
| | | | | | | | | $1,868,017.75 |

**NEO EMPAQUES INTERNATIONAL SA DE CV**

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 207-1218 | December 6, 2018 | 2429 | December 17, 2018 | $126,096.75 | $0.00 | $70,369.25 | $55,727.50 | |
| 207-1218 | December 6, 2018 | 2430 | December 17, 2018 | $124,780.50 | $0.00 | $0.00 | $124,780.50 | |
| 207-1218 | December 6, 2018 | 2431 | December 17, 2018 | $124,780.50 | $0.00 | $0.00 | $124,780.50 | |
| 211-1218 | December 17, 2018 | 2434 | December 17, 2018 | $27,998.42 | $881.84 | $0.00 | $27,116.58 | |
| 211-1218 | December 17, 2018 | 2436 | December 18, 2018 | $27,998.42 | $881.84 | $0.00 | $27,116.58 | |
| 211-1218 | December 17, 2018 | 2437 | December 18, 2018 | $27,998.42 | $881.84 | $0.00 | $27,116.58 | |
| 211-1218 | December 17, 2018 | 2438 | December 18, 2018 | $27,998.42 | $881.84 | $0.00 | $27,116.58 | |
| 211-1218 | December 17, 2018 | 2439 | December 18, 2018 | $27,998.42 | $881.84 | $0.00 | $27,116.58 | |
| 211-1218 | December 17, 2018 | 2440 | December 18, 2018 | $27,998.42 | $881.84 | $0.00 | $27,116.58 | |
| 207-1218 | December 6, 2018 | 2441 | December 19, 2018 | $124,751.25 | $0.00 | $0.00 | $124,751.25 | |
| 244-0319 | March 19, 2019 | 2502 | March 22, 2019 | $110,923.58 | $0.00 | $0.00 | $110,923.58 | |
| 244-0319 | March 19, 2019 | 2503 | March 22, 2019 | $110,948.83 | $0.00 | $0.00 | $110,948.83 | |
| 263-0419 | April 11, 2019 | 2511 | April 15, 2019 | $80,136.50 | $0.00 | $0.00 | $80,136.50 | |
| 270-0519 | May 15, 2019 | 2564 | May 20, 2019 | $85,042.50 | $0.00 | $0.00 | $85,042.50 | |
| | | | | | | | | $979,790.65 |

**RAZZA DISTRIBUTION**

| Purchase Order | PO Date | Invoice Number | Invoice Date | Amount | Credit Notes | Paid | Outstanding Balance | TOTAL |
|---|---|---|---|---|---|---|---|---|
| ** | | 2370 | September 3, 2018 | $9,200.00 | $0.00 | $4,000.00 | $5,200.00 | |
| ** | | 2371 | September 3, 2018 | $8,947.00 | $0.00 | $0.00 | $8,947.00 | |
| | ** Sold remaining Amazon inventory to Razza per EO Instructions | | | | | | | $14,147.00 |

| | TOTAL: | $11,618,869.41 |
|---|---|---|

**EXHIBIT C**

**20**

# EXHIBIT D

**Manchester International LLC**
**Advanced Payments Received**

| DATE | AMOUNT | TOTAL |
|---|---|---|
| **FOODCORP MEXICO SA DE CV** | | |
| September 4, 2018 | $ 78,323.01 | |
| September 12, 2018 | $ 79,962.63 | |
| September 18, 2018 | $ 109,616.88 | |
| September 18, 2018 | $ 80,084.59 | |
| September 24, 2018 | $ 79,762.67 | |
| September 27, 2018 | $ 119,631.16 | |
| October 1, 2018 | $ 333,055.14 | |
| October 9, 2018 | $ 79,248.86 | |
| October 11, 2018 | $ 81,992.68 | |
| October 15, 2018 | $ 156,415.01 | |
| October 18, 2018 | $ 134,309.50 | |
| October 19, 2018 | $ 138,347.23 | |
| October 29, 2018 | $ 98,727.83 | |
| November 1, 2018 | $ 211,119.00 | |
| January 6, 2018 | $ 40,747.46 | |
| November 13, 2018 | $ 239,781.00 | |
| November 20, 2018 | $ 73,630.05 | |
| November 21, 2019 | $ 80,561.62 | |
| November 23, 2018 | $ 104,010.02 | |
| November 30, 2018 | $ 331,179.15 | |
| December 10, 2018 | $ 148,265.70 | |
| December 19, 2018 | $ 165,391.96 | |
| December 24, 2018 | $ 210,343.05 | |
| December 27, 2018 | $ 167,391.36 | |
| December 31, 2018 | $ 154,616.04 | |
| January 15, 2019 | $ 159,424.59 | |
| January 17, 2019 | $ 144,208.75 | |
| January 18, 2019 | $ 160,151.22 | |
| January 23, 2019 | $ 161,932.94 | |
| January 29, 2019 | $ 205,482.97 | |
| January 31, 2019 | $ 174,884.09 | |
| February 12, 2019 | $ 210,470.64 | |
| February 28, 2019 | $ 234,634.99 | |
| March 1, 2019 | $ 373,848.99 | |
| March 15, 2019 | $ 170,425.99 | |
| March 25, 2019 | $ 290,941.07 | |
| March 29, 2019 | $ 264,036.71 | |
| April 1, 2019 | $ 274,556.78 | |
| April 12, 2019 | $ 110,834.09 | |
| April 25, 2019 | $ 65,203.76 | |
| April 29, 2019 | $ 487,818.63 | |
| May 9, 2019 | $ 113,700.31 | |
| May 13, 2019 | $ 184,348.82 | |
| May 13, 2019 | $ 94,717.71 | |
| May 21, 2019 | $ 214,784.44 | |
| May 28, 2019 | $ 159,504.73 | |
| May 31, 2019 | $ 154,587.61 | |
| June 13, 2019 | $ 134,671.36 | |
| June 19, 2019 | $ 114,377.84 | |
| June 26, 2019 | $ 164,777.93 | |
| June 28, 2019 | $ 157,658.67 | |
| July 3, 2019 | $ 272,536.69 | |
| July 12, 2019 | $ 316,202.13 | |
| July 29, 2019 | $ 269,081.42 | |
| August 1, 2019 | $ 320,409.68 | |
| **TOTAL** | | **$ 9,656,729.15** |

**EXHIBIT D**
**21**

**PRODUCTOS MOCTEZUMA RURAL SPR DE RL**

| | | |
|---|---|---|
| April 23, 2019 | $ | 105,274.24 |
| June 7, 2019 | $ | 146,285.02 |
| June 12, 2019 | $ | 130,005.20 |
| July 22, 2019 | $ | 314,136.13 |
| August 14, 2019 | $ | 247,111.44 |
| August 14, 2019 | $ | 58,529.72 |
| August 20, 2019 | $ | 308,842.52 |
| September 3, 2019 | $ | 541,447.30 |
| September 24, 2019 | $ | 120,605.59 |
| October 2, 2019 | $ | 265,403.76 |
| October 8, 2019 | $ | 86,825.06 |
| October 18, 2019 | $ | 104,411.38 |
| October 29, 2019 | $ | 75,725.25 |
| November 19, 2019 | $ | 38,472.70 |
| November 26, 2019 | $ | 55,012.45 |
| December 19, 2019 | $ | 95,027.95 |
| | **$** | **2,693,115.71** |

**LAFROYE SPR DE RL**

| | | |
|---|---|---|
| September 3, 2019 | $ | 142,626.18 |
| October 8, 2019 | $ | 74,315.82 |
| October 18, 2019 | $ | 25,354.63 |
| October 29, 2019 | $ | 40,280.42 |
| October 29, 2019 | $ | 146,462.07 |
| November 19, 2019 | $ | 51,578.30 |
| November 25, 2019 | $ | 51,321.53 |
| December 2, 2019 | $ | 81,695.17 |
| December 6, 2019 | $ | 133,333.33 |
| December 19, 2019 | $ | 157,087.97 |
| January 16, 2020 | $ | 66,947.03 |
| January 16, 2020 | $ | 239,853.23 |
| | **$** | **1,210,855.68** |

**AGROCINTALAPA SPR DE RL**

| | | |
|---|---|---|
| September 6, 2019 | $ | 215,315.14 |
| September 24, 2019 | $ | 153,964.59 |
| October 8, 2019 | $ | 101,910.83 |
| October 9, 2019 | $ | 130,514.23 |
| October 18, 2019 | $ | 127,960.86 |
| November 7, 2019 | $ | 143,814.59 |
| November 19, 2019 | $ | 51,578.30 |
| November 26, 2019 | $ | 102,118.97 |
| December 6, 2019 | $ | 97,202.85 |
| | **$** | **1,124,380.36** |

**ARVUN SPR DE RL**

| | | |
|---|---|---|
| September 9, 2019 | $ | 93,547.18 |
| October 18, 2019 | $ | 79,145.16 |
| November 7, 2019 | $ | 61,843.82 |
| November 7, 2019 | $ | 103,156.59 |
| November 19, 2019 | $ | 133,435.98 |
| December 2, 2019 | $ | 84,091.84 |
| December 2, 2019 | $ | 162,621.60 |
| December 19, 2019 | $ | 100,426.98 |
| January 10, 2020 | $ | 71,203.94 |
| January 16, 2020 | $ | 127,557.80 |
| January 28, 2020 | $ | 103,336.07 |
| | **$** | **1,120,366.96** |

**EXHIBIT D**

**22**

**PRODUCTORA SURENA MAYA SPR DE RL**

| | | | | |
|---|---|---|---|---|
| April 23, 2019 | $ | 212,413.87 | | |
| August 20, 2019 | $ | 308,188.59 | | |
| October 29, 2019 | $ | 74,725.07 | | |
| November 19, 2019 | $ | 77,367.44 | | |
| November 25, 2019 | $ | 68,243.72 | | |
| | | | $ | **740,938.69** |

**ARRENDADORA EMM SA DE CV**
Balance carried forward

| | | | | |
|---|---|---|---|---|
| from initial term (2012-2013) | $ | 560,522.10 | | |
| | | | $ | **560,522.10** |

**CEDARS TRANSFER SA DE CV**

| | | | | |
|---|---|---|---|---|
| September 3, 2019 | $ | 499,875.03 | | |
| | | | $ | **499,875.03** |

**AGROPECUARIA BALCHE SPR DE RL**

| | | | | |
|---|---|---|---|---|
| November 25, 2019 | $ | 38,899.61 | | |
| January 10, 2020 | $ | 132,872.71 | | |
| | | | $ | **171,772.32** |

| | | |
|---|---|---|
| **TOTAL** | | **$ 17,778,556.00** |

**EXHIBIT D**
**23**